**Clemmie WILLIAMS, Plaintiff in Error,**

**v.**

**STATE of Oklahoma, Defendant in Error.**

**No. A—12076.**

Criminal Court of Appeals of Oklahoma.

Nov. 10, 1954.

Valdhe F. Pitman, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

JONES, Judge.

A motion to dismiss the appeal was filed by the Attorney General on the ground that the casemade was not served within the time granted by the trial court in which to prepare and serve a casemade, nor within any valid subsequent extension of time so granted.

An examination of the casemade reveals that the motion should be sustained. Defendant was sentenced on September 24, 1953, and at that time was granted 60 days in which to prepare and serve casemade. On December 4, 1953, an order was entered undertaking to grant defendant an extension of 60 days from December 1, 1953, in which to make and serve casemade. (The time originally granted had expired on November 23, 1953.) However, no casemade was prepared and served within the subsequent 60 day attempted extension of time. On February 1, 1954, after the second attempted extension of time had elapsed, a purported order was entered attempting to grant defendant a further extension of time to prepare and serve casemade until March 24, 1954. This last date was the final day on which an appeal from the judgment of conviction could have been lodged.

The casemade was served on the county attorney on March 24, 1954, and was filed in the office of the Clerk of this court on the same day. Evidently it was never presented to the trial judge for certification as the page inserted in the casemade for signing and settling the same by the trial judge was not signed.

No response was filed to the motion to dismiss the appeal and it appearing that the casemade was not prepared and served in the time fixed by law nor any valid subsequent extension of time nor was it settled and signed by the trial judge as prescribed by law, the same is insufficient to vest jurisdiction in this court to consider the purported appeal. 22 O.S.1951 §§ 1059, 1060. It was sufficient to constitute a transcript, but none of the assignments of error could

be determined by reference to a transcript only.

It is the policy of this court to overrule motions to dismiss appeals and consider appeals on their merits whenever it is possible to do so. As the record appears before us and in the absence of any response, we feel compelled to sustain the state's motion. It is therefore ordered that the purported appeal be and the same is hereby dismissed.

POWELL, P. J., and BRETT, J., concur.